UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ARTHUR KYRICOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00224-JAW |
| | ) | |
| MARY'S GONE CRACKERS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON
DEFENDANT'S MOTION TO DISMISS AND
ORDER ON PLAINTIFF'S MOTION TO AMEND**[1]

In this action, Plaintiff Arthur Kyricos maintains that he was injured as the result of his consumption of Defendant's defective food product. The matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8), and on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 11).

As discussed below, I will grant Plaintiff's motion to amend. In addition, following a review of the parties' arguments, I recommend that the Court grant Defendant's motion to dismiss.

**PLAINTIFF'S MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a) provides in relevant part that if a "pleading is one to which a responsive pleading is required" a party may amend its pleading "once as a matter of course" within 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's motion to amend is his first attempt to amend his complaint and he filed the motion 14 days after the filing of Defendant's motion to dismiss. By operation of Rule 15, therefore, Plaintiff is entitled to amend his complaint as requested. Accordingly, Plaintiff's motion to amend is granted.

---

[1] The Court referred both motions.

**DEFENDANT'S MOTION TO DISMISS**

**A.      Background**

The facts set forth herein are derived from Plaintiff's amended complaint (ECF No. 11-1), which facts are deemed true when evaluating the motion to dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff is a resident of York Harbor, Maine, and Defendant is a resident of California. (Am. Compl. ¶¶ 3 – 4.)  In September 2013, Plaintiff purchased a box of crackers manufactured by Defendant. (*Id.* ¶ 5.)  While eating the crackers, Plaintiff bit down on an unusually hard substance and broke a tooth. (*Id.* ¶ 6.)  Plaintiff contacted Defendant and complained of the incident. (*Id.* ¶ 10.)  Defendant, through its insurance agent, requested the package of crackers and, upon testing, agreed to accept responsibility for Plaintiff's injury.  (*Id.* ¶¶ 13 – 14.)

Relying on Defendant's acceptance of responsibility, Plaintiff sent the package to Defendant's agent. (*Id.* ¶¶ 32 – 35.)  Based on Defendant's representation, Plaintiff also obtained dental treatment for a fee of $1,535.00. (*Id.* ¶ 30.)  Thereafter, Defendant's agent provided and Plaintiff deposited a $500 check tendered as a partial payment for Plaintiff's dental care. (*Id.* ¶¶ 17 – 18.)  Defendant retained the package of crackers and Plaintiff believes that Defendant disposed of them. (*Id.* ¶ 36.)

Plaintiff's independent research has revealed that other consumers have suffered dental injuries as a result of eating Defendant's crackers. (*Id.* ¶ 19.)  Plaintiff asserts that each pallet of product placed in the marketplace causes a broken tooth due to hardened pieces of dough found in a few of the crackers. (*Id.*)  According to Plaintiff, Defendant knows that consumers are injured as the result of eating the crackers, but Defendant has not corrected the problem and has not warned consumers of the problem. (*Id.* ¶ 20.)

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.  The alleged facts are recited in the context of the standard of review for a motion to dismiss.

2

**B.      Discussion**

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), which authorizes a party to challenge by motion the Court's subject matter jurisdiction.[3]   Defendant maintains that Plaintiff has not alleged an actionable federal claim, and has failed to demonstrate that the amount in controversy is sufficient to invoke the Court's diversity jurisdiction.

Federal courts have limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*  Unless Plaintiff alleges an actionable claim under federal law, or a claim that exceeds $75,000, this Court would lack jurisdiction over the claim.  *See* 28 U.S.C. §§ 1331, 1332.

Through his motion to amend, Plaintiff purports to allege a federal claim.  In particular, Plaintiff asserts a claim under the federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, and a claim under the Federal Trade Commission Act, 15 U.S.C. § 45.  Additionally, although Plaintiff's economic damages total $1035,[4] Plaintiff seeks to recover punitive damages on his tort claims and, on that basis, he asserts that the amount in controversy exceeds $75,000.

*1.      Federal question jurisdiction*

28 U.S.C. § 1331 provides: "The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A complaint in which a plaintiff alleges a violation of a federal statute for which a private cause of action is not authorized does not state a claim "under the Constitution, laws, or treaties of the United States."  *Merrill Dow Pharm.*

---

[3] Although Plaintiff's operative pleading was not of record when Defendant filed its motion to dismiss, Defendant addressed the new pleading in a reply brief (ECF No. 13).  I thus construe the motion to dismiss to be Defendant's response to the amended complaint.

[4] In his amended complaint, Plaintiff alleges that he incurred $1,535 in economic damages, but that Defendant has paid $500 of his damages.

*Inc. v. Thompson*, 478 U.S. 804, 817 (1986).  Here, neither the Food, Drug and Cosmetic Act nor the Federal Trade Commission Act provides a private cause of action.  *Liu v. Amerco*, 677 F.3d 489, 492 (1st Cir. 2012) ("the FTC Act contains no private right of action"); *Rodriguez v. SK & F Co.*, 833 F.2d 8, 9 (1st Cir. 1987) (per curiam) ("the federal Food, Drug and Cosmetic Act does not afford a private cause of action").  Plaintiff, therefore, has not asserted a claim within the Court's federal question jurisdiction.

  2.      *Diversity jurisdiction*

  Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity of citizenship is not in dispute.  The issue is whether Plaintiff has asserted a claim for personal injury damages that could support a recovery in excess of $75,000.  As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden to establish that the jurisdictional amount is satisfied.  *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012).  Plaintiff can satisfy his burden with factual allegations alone (affidavits are not required), provided the allegations support the conclusion "that it is not a legal certainty that the claim involves less than the jurisdictional amount."  *Id.*

  In his amended complaint, Plaintiff asserts claims in negligence, misrepresentation, and strict liability.  (Am. Compl., Counts II – IV.)  Plaintiff seeks to recover economic damages in the amount of $1,035.00, an unspecified amount of damages for pain and suffering, and an unspecified amount of punitive damages.  (*Id*. ¶¶ 30, 50.)  While Plaintiff seeks damages for pain and suffering, he does not allege in his amended complaint, nor in his opposition to the motion to dismiss any facts that would justify a significant pain and suffering award.  Perhaps recognizing the limited nature of any

4

pain and suffering claim, Plaintiff principally relies upon his punitive damage claim to support his contention that his claim satisfies the jurisdictional amount. Defendant argues that to a legal certainty, Plaintiff's punitive damage claim cannot satisfy the jurisdictional amount (1) because the alleged facts do not support an inference of malice, and (2) because the significant difference between Plaintiff's economic damages and the amount of punitive damages that would be necessary to reach the jurisdictional threshold would violate due process principles.

Under Maine law, a punitive damage award is permitted on a showing, by clear and convincing evidence, that the defendant's tortious conduct was motivated by actual ill will or was so outrageous that malice can be implied. *Weaver v. New England Mut. Life Ins. Co.*, 52 F. Supp. 2d 127, 134 (D. Me. 1999) (citing *Tuttle v. Raymond,* 494 A.2d 1353, 1354 (Me. 1985)). Here, Plaintiff has alleged that Defendant not only sold a defective product, but that Defendant knew the product had caused injuries to consumers, yet continued to sell the product. (Am. Compl. ¶¶ 45 - 48.) Plaintiff describes Defendant's conduct as "outrageous" and "malicious." (*Id.* ¶ 48.) Insofar as Plaintiff alleges that Defendant deliberately sold a product that it knew caused injury to others, Plaintiff has stated a claim for punitive damages. *Weaver*, 52 F. Supp. 2d at 134.

The issue is thus whether Plaintiff's claim for punitive damages is sufficient to satisfy the jurisdictional amount. In *State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408 (2003), the Supreme Court held that there are "procedural and substantive constitutional limitations" on punitive damage awards. *Id.* at 416. The limitations prohibit "grossly excessive punishments," the award of which "furthers no legitimate purpose and constitutes an arbitrary deprivation of property." *Id.* at 416 – 417. When considering whether an award of punitive damages is grossly excessive, a court must consider:

> (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*Id.* at 418.

Defendant's jurisdictional challenge is premised primarily on the disparity between Plaintiff's economic loss ($1535) and the punitive damage award necessary to reach the jurisdictional threshold. (Motion to Dismiss at 5; Def.'s Reply at 4, ECF No. 13.)  On this issue, no "simple mathematical formula" exists to establish the line between an appropriate and a grossly excessive award of punitive damages.  *Id.* at 424.  Nevertheless, the Supreme Court has suggested that for most cases a single-digit multiplier is "more likely to comport with due process."  *Id.* at 425.  The Court, however, recognized an exception where "a particularly egregious act has resulted in only a small amount of economic damages."  *Id.* (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 582 (1996)).  Plaintiff relies upon this exception in opposition to Defendant's motion.  (Pl.'s "Rebuttal" at 3, ECF No. 15.)  An examination of the disparity between the actual damages and the punitive damages also necessarily includes an assessment of the "reprehensibility" of Defendant's alleged misconduct, which is one of the other relevant factors.  *Id.* at 418.

"[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny ... than a claim for actual damages."  *Zahn v. Int'l Paper Co.,* 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972); *see also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("[W]hen it appears that [a punitive damage claim] comprises the bulk of the amount in controversy and may have been colorably asserted or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny.")  Without a critical assessment of the punitive damage claim, the jurisdictional threshold would in essence be meaningless in any case in which a party states a claim for punitive damages.

Plaintiff's reliance on his punitive damage claim to satisfy the jurisdictional amount underscores the need for the scrutiny. While Plaintiff asserts that Defendant's conduct was outrageous and suggests that Defendant was indifferent to consumers, insofar as Plaintiff alleges that Defendant investigated his claim and responded favorably to him, he alleges facts that suggest otherwise. More importantly, Plaintiff has not alleged facts that reasonably suggest that Defendant has engaged in "particularly egregious" conduct that would warrant a greater disparity between Plaintiff's economic loss and the punitive damage award than use of a single-digit multiplier would produce.

In *State Farm v. Campbell*, the Supreme Court identified several factors courts should consider when assessing the reprehensibility issue: (1) the nature and degree of the harm, (2) whether the conduct reflects an indifference to or reckless disregard for the health and safety of others, (3) whether the plaintiff was a target due to financial vulnerability, (4) whether the defendant repeatedly engaged in the conduct, and (5) whether the harm was the result of intentional malice, trickery, or deceit, or mere accident. 538 U.S. at 419. According to Plaintiff, his punitive damage claim is based on the fact that he suffered a broken tooth as the result of Defendant's manufacture and sale of its crackers, knowing that some contain excessive dough formed into a hardened lump. (Am. Compl. ¶¶ 41 – 47.) While Plaintiff has stated an actionable claim for punitive damages, when evaluated in the context of the factors identified by the Supreme Court, the level of reprehensibility is relatively low. He simply has not alleged facts that can be fairly characterized as "particularly egregious." Because Defendant's alleged conduct cannot reasonably be viewed as "particularly egregious," Plaintiff's potential recovery on his punitive damage claim must be determined through use of a single-digit multiplier in order to satisfy due process principles.[5]

---

[5] If one considers Plaintiff's actual damages to be the $1,535 that he incurred in dental expenses, to cross the $75,000 threshold, the multiplier would need to be 48. Plaintiff's allegations do not warrant use of such a high multiplier. Instead,

The final factor to consider is the way in which any punitive damage award would compare to the sort of civil penalties that might be "authorized or imposed in comparable cases." 538 U.S. at 418. Assuming, arguendo, that the food product purchased by Plaintiff would be considered "adulterated" under the Food, Drug and Cosmetic Act, 21 U.S.C. § 331(a), or that Defendant's packaging could be considered "false advertisement" under the Federal Trade Commission Act, 15 U.S.C. § 52(a), the penalties provisions of these acts would authorize no more than $10,000 penalties, even in the context of a repeat *criminal* conviction. 21 U.S.C. § 333(a)(2); 15 U.S.C. § 54(a). This factor thus also suggests that the use of a single-digit multiplier is appropriate.

Given Plaintiff's limited economic damages ($1,535), the use of the largest possible single-digit multiplier would produce a punitive damage award of less than $15,000.[6] Plaintiff's punitive damage award, together with Plaintiff's actual damages, therefore, will not satisfy the requirement of diversity jurisdiction that the amount in controversy exceed $75,000.[7] In short, Plaintiff's allegations do not support the conclusion "that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Abdel-Aleem*, 665 F.3d at 42.

---

this case is properly among those cases determined to fall short of the jurisdictional threshold, even though discovery might reveal the existence of others impacted by similar conduct on the part of the defendant. *See, e.g., Kalick v. Nw. Airlines Corp.*, 372 Fed. App'x 317, 321 – 22 (3d Cir. 2010) (involving $1,500 claim related to dishonored airline ticket); *Shirwo v. JP Morgan Chase Bank, Inc.*, No. 2:09-cv-04345, 2009 WL 2365688, at *3 (C.D. Cal. July 30, 2009) (involving credit card lender's refusal to erase $1,041 false charge from the plaintiff's account).

[6] If the largest single-digit multiplier (9) is used, the punitive damage award would total $13,815 ($1,535 x 9).

[7] Even if Plaintiff's claim for pain and suffering is considered, which claim Plaintiff did not emphasize in his written argument and for which claim Plaintiff alleges no supportive facts in the amended complaint, the likely pain and suffering claim would be modest and would undoubtedly require a large single-digit or double-digit multiplier to cross the jurisdictional threshold. Use of such multipliers would not be warranted in this case.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion to Amend (ECF No. 11) is granted.[8]  In addition, I recommend that the Court grant Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8), and dismiss Plaintiff's amended complaint without prejudice.

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Rule 72 of the Federal Rules of Civil Procedure.

With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).  With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.  Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of September, 2015.

---

[8] The court accepted Plaintiff's proposed amended complaint for filing and it served as the operative pleading for the analysis of Defendant's motion to dismiss.